UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

MARK BILBEE,

    Plaintiff,

    v.

JAY COUNTY JAIL,

    Defendant.

CAUSE NO.: 1:19-CV-253-WL-SLC

OPINION AND ORDER

Mark Bilbee, a prisoner without a lawyer, filed a complaint. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, pursuant to 28 U.S.C. § 1915A, this court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

In the complaint, Bilbee alleges that medical staff at the Jay County Jail are refusing to provide adequate medical treatment for his skin condition. Under the Eighth Amendment, inmates are entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and

subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). While Bilbee may be able to assert a valid deliberate indifference claim, he has named only the Jay County Jail as a defendant. Though the Jay County Jail is where these events occurred, the jail is a building, not an individual or even a policy-making unit of government that can be sued pursuant to 42 U.S.C. § 1983. *See Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011). Therefore, Bilbee may not proceed on this complaint.

Nevertheless, Bilbee may file an amended complaint. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). If he chooses to file an amended complaint, he should use the court's approved form and must put the case number of this case on it, which is on the first page of this order. He must describe his interactions with each individual defendant in detail, including names, dates, location, and explain how each defendant was responsible for harming him.

As a final matter, Bilbee has not resolved his filing fee status. To proceed with this case, Bilbee must either immediately pay the filing fee in full or file a motion for leave to proceed in forma pauperis. If he chooses to file a motion for leave to proceed in forma pauperis, he should use this court's form motion and file it with his trust fund ledgers for the last six months attached.

For these reasons, the court:

(1) DIRECTS the clerk to send Mark Bilbee a copy of the court's forms for a Prisoner Complaint (INND Rev. 8/16) and Prisoner Motion to Proceed in Forma Pauperis;

(2) GRANTS Mark Bilbee until <u>July 11, 2019</u>, to file an amended complaint and to resolve his filing fee status; and

(3) CAUTIONS Mark Bilbee that, if he does not respond by that deadline, this case will be dismissed without further notice.

SO ORDERED on June 17, 2019.

s/William C. Lee<br>
JUDGE WILLIAM C. LEE<br>
UNITED STATES DISTRICT COURT